UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHEROKEE INSURANCE COMPANY                                              PLAINTIFF

VS.                                                  CAUSE NO. 3:06cv00612-DPJ-JCS

SARAJEAN BABIN, INDIVIDUALLY,
FOR AND ON BEHALF OF ALL HEIRS
OF BRITT ROGERS AND THE ESTATE
OF BRITT ROGERS; EMERALD TRANSPORT, INC.,
SUCCESSOR IN INTEREST TO THREE RIVERS TRUCKING,
INC.; BOBBY G. MORRIS, JR.; AND KATHY GUSTAVIS             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This declaratory judgment action brought by Plaintiff Cherokee Insurance Company ("Cherokee") seeks a determination of insurance coverage regarding claims asserted in the Copiah County Circuit Court against Cherokee policyholder Three Rivers Trucking Company ("Three Rivers") and its employee, Bobby G. Morris, Jr. ("Morris"). Defendants Sarajean Babin and Kathy Gustavis have each moved to dismiss on abstention grounds, and Cherokee has responded in opposition. The Court, having considered the parties' submissions and the relevant authorities, concludes that the motions to dismiss should be granted.

I.      Facts/Procedural History

The underlying state court tort action arose from a multi-vehicle collision that occurred on Highway 55 in Copiah County, Mississippi, on July 21, 2005. Britt Rogers died as a result of the accident, and on November 2, 2005, Babin filed suit, individually and on behalf of Rogers' estate and heirs, against Gustavis (the driver of the car in which Rogers was riding), Morris,

1

Three Rivers, a second tractor-trailer driver also involved in the collision and his employer. Gustavis then filed a cross-claim against Morris and Three Rivers.

At the time of the accident, Three Rivers held two insurance policies with Cherokee, a general auto liability ("GL") policy and a commercial general liability ("CGL") policy. When Babin and Gustavis filed their initial claims against Morris and Three Rivers, no coverage dispute was apparent, and the claims sounded in negligence. The coverage issue came to the forefront, however, in mid-October 2006 when Babin and Gustavis received copies of Three Rivers' GL and CGL policies and were notified by Cherokee that only the GL policy provided coverage.

On October 18, 2006, Gustavis filed a motion seeking leave to amend and assert a claim for declaratory relief, seeking coverage under the Cherokee CGL policy. The motion was heard on October 20, 2006, Cherokee's coverage counsel was present, and Cherokee filed the present suit for declaratory relief on October 31st.

On November 14, 2006, the parties informed the state court that a settlement had been reached as to Defendants Three Rivers and Morris.[1] The parties also informed the state court of Cherokee's federal declaratory judgment action. The state court granted both Defendants leave to amend and add a declaratory judgment claim against Cherokee, and Babin did so on November 17, 2006, seventeen days after Cherokee filed this suit. Gustavis did not amend to assert a claim for declaratory judgment until June 15, 2007.

---

[1] The settlement caps coverage under the CGL policy to $800,000 should a court rule that coverage exists.

2

II.     Analysis

Cherokee argues that under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), this Court has a "virtually unflagging obligation" to exercise jurisdiction that cannot be abandoned except when faced with "exceptional circumstances." While this statement is generally true, "[i]f the federal suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by a standard derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)." *American Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005). Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). As explained in *Brillhart*, it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues . . . between the same parties." *Brillhart*, 316 U.S. at 495 (cited in *AXA Re Prop. & Cas. Ins. Co. v. Day,* 162 F. App'x 316, 319, (5th Cir. 2006)).

The Declaratory Judgment Act, 28 U.S.C. § 2201(a),[2] "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. "The ultimate issue in deciding how the court should exercise its discretion is 'whether the questions in controversy between the parties to the federal

---

[2] "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

3

suit . . . can better be settled in the proceeding pending in state court.'" *Burlington Ins. Co. v. Mother's Land, Inc.*, No. 3:06cv533-TSL-JCS, 2007 WL 188655, *2 (S. D. Miss. Jan. 23, 2007) (citing *Brillhart*, 316 U.S. at 495). A Court's decision regarding whether or not to exercise its discretion involves three inquiries: (1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) should it exercise its discretion to decide the action based on the factors stated in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994). *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). The parties do not dispute that a justiciable controversy has been presented. Therefore, the Court must consider whether authority exists to resolve this controversy and, if so, should the Court nevertheless abstain.

    A.    The Court's Authority

Whether the Court has authority to grant the relief Cherokee seeks involves three additional issues. A "district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (cited in *AXA RE Prop. & Cas. Ins. Co.*, 162 F. App'x at 320).

Because all three conditions must exist before a federal court is stripped of the authority to consider the merits of a request for declaratory relief, the Court will address the first and second requirements in tandem. *At the time suit was filed*, the declaratory defendant must have filed a state case involving the same issues as those involved in the federal case. That did not

4

occur in this case. Although Defendants eventually filed complaints for declaratory relief in state court, at the time this suit was filed, Cherokee was not named in any state court action, and there was no state court action for declaratory relief. *See Burlington Ins.*, 2007 WL 188655 at *2 ("At the time this suit was brought by Burlington, Hill City had not filed its complaint against Burlington in the state court suit"); *Fireman's Fund Ins. Co. v. Hlavinka Equip. Co.*, No. Civ. A. H-052515, 2005 WL 2792383 at *2 (S.D. Tex. Oct. 26, 2005) ("The most straight-forward interpretation of the phrase ['previously filed'] requires that the state court action be commenced before the federal declaratory judgment action."). Because neither of the first two inquires have been satisfied, the Court need not consider the third and finds that it possesses the authority to consider the merits of the declaratory action.

    B.    Whether the Court Should Exercise its Discretion to Decide the Case

In *Trejo*, the Fifth Circuit Court of Appeals defined seven nonexclusive factors for district courts to consider when deciding whether to abstain under *Brillhart*:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> 3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> 5) whether the federal court is a convenient forum for the parties and witnesses, . . . ;
>
> 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy . . . ; and

> 7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

39 F.3d at 590-91; *see also Sherwin-Williams*, 343 F.3d at 387. In *Sherwin-Williams*, the Fifth Circuit extensively discussed these *Trejo* factors. The court noted that *Trejo* represents this circuit's version of the various tests that have been adopted to address the three primary considerations found in *Brillhart*: 1) proper allocation of decision-making between state and federal courts; 2) fairness; and 3) efficiency. *Sherwin-Williams*, 343 F.3d at 390. The Court will examine the *Trejo* factors as they relate to these three concerns.

The first *Trejo* factor–whether there is a pending state action in which all of the matters in controversy may be fully litigated–relates first to the allocation of decision-making. 343 F.3d at 390. "When a pending state court suit raises the same issues as a federal declaratory judgment action, the central question for a district court under *Brillhart* and *Wilton* is whether the controversy is better decided in state or federal court." *Id.* at 391. As to this factor, *Sherwin-Williams* notes that as in *Trejo*, "[e]ach circuit's test emphasizes that if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id.* at 390-91. "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart*, 316 U.S. at 495; *see also RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 F. App'x 970, 973 (5th Cir. 2005) (affirming decision to abstain).

In this case, Cherokee's primary argument in opposition to the motion to dismiss is that it won the race to the courthouse. However, the first-to-file rule is not applicable in this context.

6

In *American Bankers Life Assurance Co. of Florida v. Overton,* 128 F. App'x 399, 403 (5th Cir. 2005), the insurer filed a federal declaratory judgment action a little more than two weeks before the insured filed a state court complaint. Although this abstention case was remanded for other reasons, the Fifth Circuit Court of Appeals observed that the first-to-file rule has no application unless both actions are in federal courts:

> We find no indication from case law that the "first-to-file" rule plays a part in the circumstance that we face today-two actions pending, but one is in *state* court and the other in *federal* court. As *American Bankers* correctly points out in its reply brief, the 'first-to-file' rule applies only when two similar actions are pending in two *federal* courts, which is not the case have here [sic] . . . .

*Id.; see also Canal Ins. Co. v. Morgan,* 961 F. Supp. 145, 149 (S. D. Miss. 1996) (refusing to base abstention decision on filing dates); *Days Inns of Am., Inc. v. Reno,* 935 F. Supp. 874, 878 (W.D. Tex. 1996) ("[F]ederal declaratory judgment is not a prize to the winner of a race to the courthouses.") (citing *Perez v. Ledesma,* 401 U.S. 82, 119 n.12, 91 S.Ct. 674, 694 n.12, 27 L. Ed. 2d 701 (1971) (Brennan, J. dissenting)); *Great Lakes Dredge & Dock Co. v. Ebanks,* 870 F. Supp. 1112, 1118 (S. D. Ga. 1994) (abstaining despite fact that federal claim filed first). Application of the first-to-file rule in this context would be inconsistent with the policy considerations raised in *Brillhart, Wilton,* and *Trejo* where district courts were directed to consider issues of "practicality and wise judicial administration." *Wilton,* 515 U.S. at 289.

Cherokee argues alternatively that even if the subsequent state court complaint could be considered, Defendants never properly presented a declaratory judgment action in state court because the "'declaratory action' filed in state court consists of one paragraph, randomly inserted into an amended complaint." Defendant's Memorandum in Opposition to Motion to Dismiss at 5. The subject amended complaint reads as follows:

7

> Plaintiffs bring this Declaratory Action, pursuant to Rule 57 of the Rules of the Mississippi Rules of Civil Procedure, against Cherokee Insurance Company to determine the rights of all parties under various insurance contracts issued by Cherokee to Three Rivers Trucking Company, Thomas F. Crutchers, Jr. and Randy T. Crutcher: and otheres [sic], for a period of time commencing in July 2005, through January 31, 2006.

This amended complaint brought Cherokee into the state court action and sought declaratory relief under Rule 57.[3] The state court complaint raises the same issues as those asserted before this Court by Cherokee. Both suits seek interpretation of the same CGL policy and a declaration of all rights under that policy. Moreover, because Cherokee is now a party to the state court proceedings, it has full opportunity to raise any defenses it may have to coverage in that case. Finally, neither suit raises a federal question.

Additional facts weigh in favor of abstention under the first *Trejo* factor. As the state court case progressed, the underlying suit as to Cherokee's insureds settled. Thus, as to the Three Rivers' portion of the case, only the declaratory judgment action remains to be decided by the state court judge. Moreover, due to the terms of Three Rivers' settlement with Babin and Gustavis (which fixes a settlement amount in the event a court finds coverage under the CGL policy), a declaration of rights under the CGL policy will finally resolve the dispute as to Cherokee and its insureds.

A final fact weighs heavily in favor of abstention under the first *Trejo* factor. After its insureds settled, Cherokee moved to dismiss the state court case due to its declaratory judgment action in this Court. In denying Cherokee's motion, the state court judge noted that he was

---

[3] "Rule 57(b) was amended in 2000 to authorize an injured party, where an insurer has indicated that it may deny coverage of the injured party's claim, to seek a declaratory judgment establishing coverage. The traditional rule in Mississippi barred any type of direct action by an injured party against an insurer, *Crum v. Mississippi Mun. Serv. Co., Inc.*, 1998 WL 378333 (N.D. Miss. 1998)." Miss. R. Civ. Pro. 57 (comments).

8

particularly well situated to consider the declaratory action in that this matter has been pending before this Court for quite some time and the Court is familiar with the issues, the settlement of other aspects of the case is tied to the declaratory action, and it would promote judicial economy.

The state court judge clearly intends to rule on the very issues now before this Court. A ruling from this Court would create the potential for conflicting orders which would not promote comity or efficiency in the present context. *See Wilton*, 516 U.S. at 289 ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."); *Sherwin-Williams*, 343 F.3d at 391("Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues.").[4]

*Trejo* factors two through four "analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 392. Defendants sued Cherokee's insureds in state court well before this declaratory judgment action was brought and also moved to amend their complaints to bring a declaratory judgment action against Cherokee before Cherokee filed this action. Cherokee obviously anticipated that a suit would be filed in state court, but the Court cannot say that Cherokee attempted to obtain a federal forum on unfair grounds or engaged in forum shopping. *Id.* at 391 ("Merely filing a declaratory judgment action in a federal court with jurisdiction to

---

[4] *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 372 (5th Cir. 1998) offers a good example of a declaratory judgment action that would not require abstention. In that case, the Fifth Circuit noted that the federal court's ruling on the insurance company's obligations would have no direct bearing on the underlying state case, nor would the state court's ruling on the defendant's liability have a direct bearing on the insurance company's obligations because the insurer was not a party to the state court proceedings. *Id.* at 373. Here, Cherokee is a party to both declaratory judgment actions seeking interpretation of the same policy as it relates to the same insureds.

hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping."); *AXA Re Prop. & Cas. Ins. Co.*, 162 F. App'x at 320-21 ("[A] court is more likely to find a plaintiff engaged in impermissible forum shopping where the federal action would change the applicable law.") (citing *Sherwin-Williams*, 343 F.3d at 397, 399; *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)). Finally, the fourth *Trejo* factor is neutral as the Court finds that Cherokee would gain no unfair advantage regarding precedence in time or change of forums.

The third aspect of the *Brillhart* analysis is efficiency. This aspect implicates the first *Trejo* factor, discussed above, as well as factors five and six–whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *Sherwin-Williams*, 434 F.3d at 392.[5] In this case, the convenience factor is neutral as the two venues geographically overlap, the courthouses are less than 40 miles apart, the parties can be found in various states, and the venues are equally convenient. *See RLI Ins. Co.*, 131 F. App'x at 973 (affirming decision to abstain and noting as to fifth *Trejo* factor, "the court found it to be neutral because of the relative convenience of both forums").

The more general judicial economy issue, however, favors abstention for the reasons stated more fully above with respect to the first *Trejo* factor regarding allocation of decision making. The state court judge has indicated that he will rule on the same declaratory judgment issue Cherokee asserts in this action. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state

---

[5]Factor seven has no application in this case.

court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart*, 316 U.S. at 495. *Compare AXA Re Prop. & Cas. Ins. Co.*, 162 F. App'x at 320-21("[J]udicial economy is not contravened by retaining the action because no other proceeding is able to consider the coverage dispute.") *with RLI*, 131 F. App'x at 973 (affirming abstention and noting as to the sixth *Trejo* factor that "the district court found it to weigh in favor of dismissal or stay because deference to a pending state action in which all of the primary insurers are joined would allow one court to decide the issues in this case").

It should be noted that the Fifth Circuit does not require a mechanical or mathematical weighing of the nonexclusive *Trejo* considerations. *Trejo*, 39 F.3d at 589 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 937, 74 L. Ed. 2d 765 (1983)). In this case, the Court finds that the *Trejo* factors, especially when viewed through the prism of the three *Brillhart* considerations, weigh in favor of abstention. Even assuming the fairness factors weighed entirely in favor of deciding the case on the merits, those factors are outweighed by concern for the proper allocation of decision-making, federalism, comity, and efficiency.

ACCORDINGLY, IT IS HEREBY ORDERED that Defendants' motions to dismiss are granted; Cherokee's motion for summary judgment is denied as moot; and this matter is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 16th day of August, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

11